[No. A020841. First Dist., Div. Three. Aug. 22, 1985.]

MARY HAYSSEN et al., Plaintiffs and Appellants, v.
BOARD OF ZONING ADJUSTMENTS OF THE COUNTY OF
SONOMA, Defendant and Appellant;
LOREN BERRY, Real Party in Interest and Appellant.

COUNSEL

Joseph G. Baxter for Plaintiffs and Appellants.

Tarkington, Carey, O'Connor & O'Neill, Tarkington, O'Connor & O'Neill, Chris A. Tarkington and Gregory P. Einhorn for Defendant and Appellant.

Thomas R. Kenney and Kenney & Barbase for Real Party in Interest and Appellant.

OPINION

WHITE, P. J.—

PROCEDURAL HISTORY

This is an appeal from a judgment of the Sonoma County Superior Court entered on September 10, 1982. Plaintiffs Mary Hayssen et al. (hereinafter appellants), a group of property owners in Sonoma County, filed a complaint against the Board of Zoning Adjustments of the County of Sonoma on February 26, 1979. Demurrer on the complaint was sustained with leave to amend. Appellants filed their first amended complaint on June 5, 1979. Demurrer was again filed and was sustained without leave to amend as to the first and second causes of action. The demurrer to the third cause of action was overruled. A full evidentiary trial was held on the matter by the court on February 4, 5, 9, 17 and 18, 1981. Notice of intended decision was filed on May 27, 1981. Final judgment, together with findings of fact and conclusions of law requested by appellants pursuant to California Rules of Court, rule 232, was entered on September 10, 1982. Motions to vacate judgment and for a new trial were filed on October 20, 1982. The order denying the motions was entered on December 3, 1982. This appeal was timely filed on January 3, 1983. (Cal. Rules of Court, rule 3(a) and (b).)

FACTS

On December 22, 1976, Loren Berry, the real party in interest in the instant case, applied to the County of Sonoma Planning Department for a

conditional use permit for the construction and operation of a sawmill on a 30-acre site near the rural community of Cazadero. The site was zoned to permit the operation of a sawmill pending the receipt of a use permit. Pursuant to Government Code section 65905 and Sonoma County Code section 203.1, subdivision (a), the Sonoma County Board of Zoning Adjustments gave notice of a public hearing on the use permit. The public hearing was scheduled for January 27, 1977. Notice consisted of publishing and posting. Publication occurred on January 11, 1977, in the Sonoma County Press Democrat, a newspaper of general circulation within the County of Sonoma. That same day, eight standard size notices of the projected use permit application and hearing were posted around the perimeter of the proposed sawmill site.

All notices contained a technical error in the description of the subject property. The error consisted of designating one of the bordering roads to the property by its pre-1975 name (Austin Creek Road) rather than by its 1977 name (Cazadero Highway). A parallel road was designated as Austin Creek Road after 1977. No other error in the description of the subject property is alleged.

None of the appellants attended the hearing. A neighboring property owner did attend, however. At the hearing, the board of zoning adjustments granted Berry a conditional use permit for the construction and operation of the sawmill. By its terms, the permit was made subject to revocation or modification by the board upon a finding of substantial detrimental impact to neighboring persons or property.

Appellants are a group of property owners whose holdings adjoin or are in the vicinity of the disputed sawmill site. Appellants commenced the instant action against the board of zoning adjustments more than two years after the use permit was granted in 1977. Some appellants received actual notice of the proposed sawmill construction before and after the January 1977 hearing. One appellant received actual notice of the proposed sawmill in April 1977. Between 1977 and 1979, the owner of the site engaged in substantial preparatory construction activity on the site in reliance upon the use permit.

Appellants in the court below alleged that a lack of proper notice as to the hearing violated their civil rights, giving rise to a claim of action under section 1983 of title 42 of the United States Code. After a full evidentiary trial, the court below held that appellants failed to establish a cause of action under title 42, section 1983 of the United States Code and awarded costs and attorney's fees to defendant board of zoning adjustments. Appellants appeal from this judgment.

Issues presented by the facts of this case are as follows: (1) whether notice by posting and publication in a land use adjudication is constitutionally adequate, or whether notice by mailing is required; (2) whether a finding of constitutionality is defeated by a technically deficient notice, where no prejudicial effect can be shown; and (3) whether appellants successfully asserted a cause of action under title 42, section 1983 of the United States Code.

## I. CONSTITUTIONALLY ADEQUATE NOTICE

■ The due process clause of the Fourteenth Amendment requires, "at a minimum . . . that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing . . . ." (*Mullane* v. *Central Hanover Tr. Co.* (1950) 339 U.S. 306, 313 [94 L.Ed. 865, 873, 70 S.Ct. 652].) In *Mullane,* the United States Supreme Court articulated the standard to be applied in a due process challenge to adequacy of notice. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (*Id.,* at p. 314 [94 L.Ed. at p. 873].)

■ It is by now settled law that the property interests of adjacent landowners are at stake in a land use proceeding, and that procedural due process protections are therefore invoked. (See *Scott* v. *City of Indian Wells* (1972) 6 Cal.3d 541, 549 [99 Cal.Rptr. 745, 492 P.2d 1137].) It is also settled law that the granting of a conditional land use permit, involving as it does the "application of general standards to specific parcels of real property," is adjudicatory in nature and therefore subject to notice and hearing requirements. (*Horn* v. *County of Ventura* (1979) 24 Cal.3d 605, 614 [156 Cal.Rptr. 718, 596 P.2d 1134]; *San Diego Bldg. Contractors Assn.* v. *City Council* (1974) 13 Cal.3d 205, 212 [118 Cal.Rptr. 146, 529 P.2d 570, 72 A.L.R.3d 973], app. dism. (1976) 427 U.S. 901 [49 L.Ed.2d 1195, 96 S.Ct. 3184].)

These principles are embodied in state and local regulatory schemes. Government Code section 65905, as originally enacted in 1965, states in relevant part: "notice of hearing [for a conditional use permit] shall be given by notice through the United States Mails . . . or by both publication in a newspaper of general circulation . . . and posting said notice in conspicuous places close to the property affected." (Stats. 1965, ch. 1880, § 6, p. 4350.)[1] Sonoma County Code section 203.1, subdivision (a) provides for

---

[1]This code section was amended in 1984 to require notice by mail. (Gov. Code, §§ 65905, 65091, added by Stats. 1984, ch. 1009, §§ 28, 2.) However, statutes are not to be applied retroactively in the absence of a clear legislative intent.

a 10-day notice of use permit hearings by mail "or by publication in a newspaper of general circulation and posting in at least three (3) places on or near the property which was the subject of the hearing. . . ."

■ The facts in the instant case indicate that notice of the land use hearing was published in a county newspaper of general circulation and was posted at 8 locations around the perimeter of the subject property 16 days prior to the actual hearing, thus exceeding then-current state and local requirements. The court below held that these publication and posting procedures fully met the "reasonably calculated to apprise" standard of *Mullane.* We affirm.

In *Mullane,* the United States Supreme Court held that statutory notice of a judicial accounting by publication alone was insufficient as to known beneficiaries of a common trust fund whose addresses were on record. (*Mullane, supra,* 339 U.S. at pp. 318-319 [94 L.Ed. at pp. 875-876].) The rights of the trust beneficiaries were wholly cut off by the accounting procedure. (*Id.,* at p. 311 [94 L.Ed. at pp. 871-872].) Under these facts, the *Mullane* court required notice by mailing. (*Id.,* at p. 319 [94 L.Ed. at p. 876].)

Appellants contend that since their mailing addresses were also on record with the county, notice by mailing was also required in this case. We note, however, that the *Mullane* decision requiring mailing was specific to the facts of that particular case. The *Mullane* court did not hold notice and publication to be per se constitutionally inadequate, nor did it hold notice by publication and posting to be inadequate in land use proceedings. Indeed, by announcing the flexible notice-reasonably-calculated-to-apprise standard, the *Mullane* court expressly approved a case-by-case determination of the sufficiency of a constitutionally required notice. This case-by-case determination was approved in a United States Supreme Court decision, *Greene* v. *Lindsey* (1982) 456 U.S. 444, 451 [72 L.Ed.2d 249, 256, 102 S.Ct. 1874].

The California Supreme Court has also expressly approved a flexible notice requirement. "We deliberately refrain from describing a specific formula which details the nature, content, and timing of the requisite notice. We do observe, however, that depending on (1) the magnitude of the project, and (2) the degree to which a particular landowner's interests may be affected, acceptable techniques might include notice by mail to the owners of record of property situate within a designated radius of the subject property, or by the posting of notice at or near the project site, or both." (*Horn* v. *County of Ventura, supra,* 24 Cal.3d at p. 618.) A case-by-case determination of the constitutional adequacy of notice thus continues to be the rule.

Appellants rely on *Schroeder* v. *City of New York* (1962) 371 U.S. 208 [9 L.Ed.2d 255, 83 S.Ct. 279, 89 A.L.R.2d 1398], for the proposition that notice by mail is required in land use permit proceedings. *Schroeder* involved a condemnation proceeding whereby the City of New York acquired water diversion rights to a river flowing by the plaintiff's property. The United States Supreme Court held that "in the circumstances of this case," posting and publication as required by statute did not meet the *Mullane* standard. (*Id.,* at p. 211 [9 L.Ed.2d at p. 258].) The court therefore ruled that the plaintiff in that case could proceed with her compensation claim despite the tolling of the applicable statute of limitations. (*Id.,* at p. 214 [9 L.Ed.2d at p. 260].)

*Schroeder,* however, can be distinguished from the instant case in several important aspects. First, we note that *Schroeder* involved a condemnation proceeding in which statutory compensation rights were affected. (*Id.,* at p. 210 [9 L.Ed.2d at pp. 257-258].) No such rights are at issue here. Appellants here applied to the court below for injunctive and declaratory relief, and are barred from asserting any damage claims at this stage in the proceedings.

Second, as noted by the *Schroeder* court, the *Mullane* notice requirement as to legally protected interests "is obviously a vital corollary to one of the most fundamental requisites of due process—the right to be heard." (*Id.,* at p. 212 [9 L.Ed.2d at p. 259].) Appellants allege that under California law, the use permit hearing constitutes a final adjudication, depriving appellants of the right to enjoin the normal operation of the sawmill under a nuisance theory. However, under the terms of the conditional use permit, as noted above, appellants and others have a continuous and permanent right to be heard by the board of zoning adjustments as to any proposed revocation or modification of the use permit based on detrimental impact to their persons or property. Such postadjudicatory administrative relief was not available under the *Schroeder* or indeed the *Mullane* facts.

Third, in *Schroeder,* the City of New York posted twenty-two notices along a seven- or eight-mile stretch of the river in the general vicinity of plaintiff's property. This posting was found to be insufficient to apprise the *Schroeder* plaintiff of the proposed condemnation proceedings. (*Schroeder, supra,* at p. 210 [9 L.Ed.2d at pp. 257-258].) By way of contrast, the property at issue here was surrounded by notices posted along all of the major roads leading from the proposed sawmill site to neighboring communities. The county could reasonably calculate that posted notices on public highways which adjoining property owners had to use in order to reach major stores or services would apprise them of the contemplated action.

Appellants also rely on *Greene* v. *Lindsey, supra,* 456 U.S. 444, to suggest that the United States Supreme Court now disapproves of posted notice altogether. In *Greene,* a Kentucky statute permitting service of process by notice posted on a tenant's door in an unlawful detainer action and eviction proceeding was found to be constitutionally inadequate as applied to tenants in a housing project. (*Id.,* at pp. 445, 456 [72 L.Ed.2d at pp. 252, 259].) Appellant goes far beyond the holding of *Greene* in suggesting that the case bars all notice by posting under the *Mullane* standard. In *Greene,* the court found notice by posting unreliable because of evidence that such notices were often torn down by children and others in the housing project. (*Id.,* at p. 453 [72 L.Ed.2d at p. 257].) No such evidence of notices being physically removed by nonparties has been introduced here. In addition, the *Greene* court looked to the magnitude of the interest involved, that is, the right of continued residence in the home, in reaching its determination that the posted notice was inadequate. (*Id.,* at p. 451 [72 L.Ed.2d at p. 256].) We do not find the alleged noise easement asserted by appellants in the instant case to be the equivalent of the interest in continued residence in the home asserted by the *Greene* plaintiffs. Nor do we find the alleged noise easement to equal the interest in continued welfare entitlements to benefits in *Goldberg* v. *Kelly* (1970) 397 U.S. 254 [25 L.Ed.2d 287, 90 S.Ct. 1011], as appellant would suggest.

In summary, we find that the court below was clearly within the boundaries of applicable federal and state authority when it found the posting and publication notice to be constitutionally adequate under the facts of the instant case, and we therefore do not disturb that finding.

## II. Technically Deficient Notice

■ Having held that notice by publication and posting is constitutionally adequate under the facts of the instant case, we now turn to the question of whether a technical deficiency in the notice defeats its constitutionality where no prejudicial effect is shown. The facts indicate that notice of the January 27, 1977, hearing erroneously designated one of the bordering roads to the proposed sawmill site by its pre-1975 name. In all other respects, the parcel was correctly described. The property was fully posted, with eight standard size notices placed around the perimeter.

Former Government Code section 65801 states that "[n]o action . . . regarding any zoning matter by any . . . administrative body . . . shall be held void or invalid or be set aside by any court . . . by reason of any error . . . as to any matter pertaining to . . . notices . . . unless after an examination of the entire case, including the evidence, the court shall be of the opinion that the error complained of was prejudicial, and that by reason of

such error the party complaining or appealing sustained and suffered substantial injury, and that a different result would have been probable if such error had not occurred or existed. There shall be no presumption that error is prejudicial or that injury was done if error is shown." (Stats. 1965, ch. 1880, § 6, p. 4346.)[2]

Appellants argue that former Government Code section 65801 may not limit the scope of constitutional rights, nor do we disagree. However, since we do not find a constitutional right to notice by mailing in the instant case, appellant's argument is inapposite. We therefore turn to the question of whether prejudice resulted from the technical defect in the notice.

The court below found that while the property was properly posted and notice of the hearing was regularly published, no appellant saw the posted or published notice, and therefore appellants were not misled by the error in the description of the property. Appellants cannot therefore assert that prejudice resulted from the technical error, or that a different result would have obtained if such error had not occurred or existed. The court below also found that both before and after the hearing date, persons residing on the named appellant's property, including a co-owner, acted as watchmen on the proposed sawmill site and were advised by Berry that he was in the process of building a sawmill. Actual notice of the proposed sawmill was received by another appellant in April 1977. There is thus little possibility that appellants would have been fatally misled by the incorrect designation of one of the bordering roads to the property in question if they had seen the notice. Between 1977 and 1979, the owner of the site engaged in substantial preparatory construction on the site in reliance on the use permit. Appellants thus had received both actual and constructive notice of the sawmill construction during the two-year period prior to the initiation of this suit. They therefore had and continue to have ample time to initiate proceedings with the board of zoning adjustments as to a proposed modification or revocation of the use permit. Since appellants did not rely on the notice, and in fact knew about the proposed sawmill construction on the site well in advance of its actual construction, and also have a continuous right of appeal to the board of zoning adjustments, we find that no prejudice to appellants' interests resulted from the technical error in the notice. Thus, technical error cannot be used to defeat our finding of a constitutionally adequate notice in the instant case.

### III. SECTION 1983 ACTION

Finally, we turn to the issue of whether appellants successfully asserted a cause of action under title 42, section 1983 of the United States Code.

---

[2]Repealed in 1984, and replaced by Government Code section 65010, containing substantially similar language.

Section 1983 is a federal civil rights statute dating from 1871. It states in relevant part: "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress."

While section 1983 asserts a federal cause of action, the United States Supreme Court has clearly recognized that a state court can exercise jurisdiction over a section 1983 claim. (*Maine* v. *Thiboutot* (1980) 448 U.S. 1, 3, fn. 1 [65 L.Ed.2d 555, 558, 100 S.Ct. 2502].) Although early case law held that local governments were immune from suit under section 1983 (*Monroe* v. *Pape* (1961) 365 U.S. 167, 187 [5 L.Ed.2d 492, 505, 81 S.Ct. 473]) this holding was specifically overruled in *Monell* v. *New York City Dept. of Social Services* (1978) 436 U.S. 658, 663 [56 L.Ed.2d 611, 618-619, 98 S.Ct. 2018]. In *Monell,* the United States Supreme Court concluded that a municipality or other local governing body was a person for purposes of section 1983 and could be sued as such "for monetary, declaratory, or injunctive relief." (*Id.,* at p. 690 [56 L.Ed.2d at p. 635].)

■ There are two elements to stating a cause of action under section 1983. The plaintiff must first show a deprivation of a constitutional right, and secondly, must show that the defendant was acting under color of state law in depriving the plaintiff of this right. (13B Wright et al., Federal Practice and Procedure (2d ed. 1984) § 3573.2, p. 203.)

As to the first element, section 1983 is not a source of substantive rights but provides a forum for a remedy only. A substantive right must be found in the Constitution or in federal law. (*Ibid.; Chapman* v. *Houston Welfare Rights Org.* (1979) 441 U.S. 600, 617-618 [60 L.Ed.2d 508, 522-523, 99 S.Ct. 1905].) The court below found that appellants did not establish a violation of the constitutional notice requirement, and we affirmed. Therefore, appellants have failed to establish the first element of a section 1983 cause of action, and we therefore need not address the second element.

In summary, we find that the notice provided by defendant board of zoning adjustments meets constitutional standards and is not defeated by any technical error contained therein. We further find that appellant fails to establish a section 1983 cause of action.

The judgment of the court below is hereby affirmed.

Scott, J., and Merrill, J., concurred.

The petition of plaintiffs and appellants for review by the Supreme Court was denied October 30, 1985.