[No. B063720. Second Dist., Div. Five. Dec. 21, 1992.]

EARL SOUNHEIN et al., Plaintiffs and Respondents, v.
CITY OF SAN DIMAS, Defendant and Appellant.

**COUNSEL**

Brown, Winfield & Canzoneri and Mark W. Steres for Defendant and Appellant.

Barbosa, Garcia & Barnes and Douglas D. Barnes for Plaintiffs and Respondents.

OPINION

BOREN, J.—The City of San Dimas (hereinafter, the city) appeals following a judgment granting a peremptory writ of mandate which ordered the city to set aside and vacate its Ordinance No. 941, which banned any second independent residential unit on any lot in the city,[1] and to process the application by Earl and Alana Sounhein (hereinafter, the Sounheins) for a conditional use permit, and reasonable modifications and amendments thereto. We find that the city failed to give the requisite public notice and to hold required public hearings before adopting Ordinance No. 941 and failed to adopt the ordinance within the required 120-day period after receiving its first application for a conditional use permit, and that the trial court properly granted the writ of mandate.

FACTS

The Sounheins own a home in the city and wanted to build on their property a second unit, an accessory rental apartment. The Sounheins' property is in an area of the city zoned for duplexes. The city advised the Sounheins that they would not grant approval for them to build a second unit but suggested that they apply for a conditional use permit pursuant to the provisions of Government Code section 65852.2.[2]

The Sounheins revised their plans and on February 9, 1990, submitted an application for a conditional use permit and the requisite application fee. The city acknowledged receipt of their application but informed them it was incomplete. The city requested that the Sounheins provide further information regarding a more complete legal description of the property, two appropriate scaled print maps, twelve prints of the development plan and scaled drawings of the exterior elevations. The city also noted to the Sounheins that several items regarding setback and square footage did not

---

[1]Ordinance No. 941 provides, in pertinent part, as follows: "Second units, as defined by Government Code Section 65852.2, are hereby prohibited in all single family and multi-family zoning districts, including Specific Plans, in the City." Second units, sometimes referred to as accessory apartments, are defined in Government Code section 65852.2, subdivision (d)(3) as: "[A]n attached or a detached residential dwelling unit which provides complete independent living facilities for one or more persons. It shall include permanent provisions for living, sleeping, eating, cooking, and sanitation on the same parcel as the single-family dwelling is situated."

[2]Unless otherwise specified, all further statutory references are to the Government Code.

comply with existing regulations and that their plans had to be revised to conform with applicable zoning regulations or a variance application also had to be submitted.

The Sounheins thereafter met several times with city personnel, submitted additional documents, revised their plans and on May 24, 1990, submitted a revised site plan for a conditional use permit for the proposed second unit. On July 10, 1990, in response to the Sounheins' application, the city enacted Ordinance No. 941, a ban on second unit accessory apartments. The Sounheins brought an action for a writ of mandate (Code Civ. Proc., § 1085) and for declaratory relief. The trial court severed the mandate proceedings from those for declaratory relief and entered judgment for the Sounheins, granting the peremptory writ of mandate. The city appeals.

### DISCUSSION

The trial court properly found that the city did not lawfully enact Ordinance No. 941 because the city (1) failed to give the requisite public notice and to hold public hearings and (2) failed to enact the ordinance within the requisite statutory time period. In view of these two independent grounds upon which the ordinance must be deemed invalid, we need not address whether the city also failed to make sufficient findings that "specific adverse impacts on the public health, safety, and welfare that would result from allowing second units within single-family and multifamily zoned areas justify adopting the ordinance." (§ 65852.2, subd. (c).)[3]

I. *Requisite Notice and Required Public Hearings*

■ Section 65853 requires public notice and public hearings in connection with the adoption of most zoning ordinances and provides, in pertinent part, as follows: "A zoning ordinance or an amendment to a zoning ordinance, which amendment . . . imposes any regulation listed in Section 65850 not theretofore imposed or removes or modifies any such regulation theretofore imposed shall be adopted in the manner set forth in Sections 65854 to 65857, inclusive. Any other amendment to a zoning ordinance may be adopted as other ordinances are adopted." In general, sections 65854 through 65857 require specified types of public notice and public hearings before the planning commission and the city council.

In the city's answer to the petition for a writ of mandate, the city admitted that Ordinance No. 941 "was not considered by the City Planning Commission prior to introduction and adoption by the City Council, and that

---

[3]The trial court's ruling also did not address whether there was sufficient evidence of specific adverse impacts, or whether the recitation of adverse impacts in the ordinance itself was merely conclusory speculation.

Ordinance No. 941 was not noticed on the City Council agenda as a public hearing item." The city therefore did not give the public notice or hold public hearings as specified in sections 65854 through 65857. Instead, the city followed the procedure specified for other ordinances (see § 36931 et seq.) and satisfied other statutory requirements for agenda posting and open meetings (see §§ 54954.2 & 54953). The city focuses on the language "not theretofore imposed" (§ 65853) and urges that such language provides as an exception that if the amendment to the zoning ordinance imposes a regulation that has previously been imposed, the special public notice and public hearing requirements need not be met. According to the city, prior to the adoption of Ordinance No. 941, the city's zoning ordinances had already prohibited second residential units in single family and multiple family zones within the city, and the ordinance "was merely adopted to set forth the findings now being required by state law to continue prohibiting second units."

However, prior to Ordinance No. 941, the city had no absolute prohibition on second units. Prior to Ordinance No. 941, the city's zoning code permitted only one single family dwelling unit per lot in its single family residential zone, but permitted multiple dwellings on a single lot in the multifamily zone if the lot satisfied minimum lot area requirements. In contrast, Ordinance No. 941 created an absolute prohibition on second units, as is apparent from the following language of the ordinance: "Second units, as defined by Government Code Section 65852.2, are hereby prohibited in all single family and multi-family zoning districts, including Specific Plans, in the City." Accordingly, Ordinance No. 941's complete ban on any second independent residential unit on any lot in the city without regard to parcel size or zoning constituted a marked change from the prior zoning code, imposed a restriction "not theretofore imposed," and required the public notice and hearings which the city failed to provide.

■   Moreover, the failure of the city to provide the requisite notice and hearing procedures cannot be deemed harmless or nonprejudicial. (See § 65010, subd. (b).) The failure to provide notice and public hearings was not a mere minor technical defect (cf. *Hayssen* v. *Board of Zoning Adjustments* (1985) 171 Cal.App.3d 400, 407-408 [217 Cal.Rptr. 464]; *Mack* v. *Ironside* (1973) 35 Cal.App.3d 127, 131 [110 Cal.Rptr. 557]), but rather the process was fundamentally flawed by the complete omission of any public notice or hearings when adopting the zoning ordinance. (See *Taschner* v. *City Council* (1973) 31 Cal.App.3d 48, 64 [107 Cal.Rptr. 214], disapproved on other grounds in *Associated Home Builders etc., Inc.* v. *City of Livermore* (1976) 18 Cal.3d 582, 596, fn. 14 [135 Cal.Rptr. 41, 557 P.2d 473].) The Sounheins were notified of the city council's proposed action and afforded

an opportunity to be heard. However, the other residents of the city affected by the ordinance were not given notice and an opportunity to be heard and to have their concerns, needs and welfare considered by both the planning commission and the city council at public hearings, thus amounting to more than a mere technical, procedural omission and reflecting a total deprivation of basic zoning procedural safeguards for the community. The absence of the required public notice and public hearings thus renders Ordinance No. 941 void.

II.  *Failure to Adopt Ordinance No. 941 Within the Time Allowed by Law*

■ Ordinance No. 941 is also void for the independent reason that it was not adopted within the time allowed by law. Pursuant to section 65852.2, subdivision (b), "When a local agency . . . receives its *first application* . . . for a conditional use permit . . . the local agency shall accept the application and approve or disapprove the application pursuant to this subdivision unless it adopts an ordinance in accordance with subdivision (a) or (c) [regulating or precluding accessory apartments] within 120 days after receiving the application." The Sounheins submitted that "first application" and did so on February 9, 1990. The city did not adopt Ordinance No. 941 until July 10, 1990, 151 days later, and therefore after the statutory 120 days during which a valid ordinance could have been adopted.

The city urges that the statutory phrase "first application" means the first completed application and contends that the February 9, 1990, application by the Sounheins was "essentially withdrawn" and a new application for a second unit then submitted on May 24, 1990, resulting in the adoption of the ordinance within the requisite 120-day time period. Although one court characterized as "the interesting question" (*Wilson* v. *City of Laguna Beach* (1992) 6 Cal.App.4th 543, 560 [7 Cal.Rptr.2d 848]) whether an incomplete application can trigger the requirement that the city adopt its own ordinance within 120 days of the "first application," the plain language of the statute does not specify a completed application. The statute also by its very terms focuses on when the city "receives" (§ 65852.2, subd. (b)) the first application, rather than when it is completed, and the conditional use permit procedure obviously can entail, as it did here, conferring with city personnel and a process of modifying and adjusting the permit application.

■ Moreover, the issue of whether the Sounheins' February 9, 1990, submission constituted a "first application" under section 65852.2, subdivision (b), is also a question of fact. The court below, as the trier of fact, determined that factual question in favor of the Sounheins. Substantial evidence supports the trial court's determination, and it may not be set aside

on appeal. (*Rasmussen* v. *City Council* (1983) 140 Cal.App.3d 842, 848 [190 Cal.Rptr. 1].) The evidence regarding the city's response to the Sounheins' February 9, 1990, conditional use permit application indicates that despite the incomplete and modifiable nature of the application, the city did not deem the application withdrawn. Rather, the city, in its February 28, 1990, response to the application, merely requested that further information be provided and specifically suggested that the plans be revised and modified to conform to applicable zoning regulations or that a variance application also be submitted. Indeed, the Sounheins' response on May 24, 1990, was characterized by the city in their letter of acknowledgment as constituting a "revised site plan" for the proposed second unit and was designated with the same case number identifying the project, indicating not a new application but the completion of the application filed on February 9, 1990.

Significantly, the precise nature or dimension of the second unit contemplated by an applicant is of relatively little concern to a city which wishes to prohibit any second units whatsoever. Thus, the details or the completeness of the application have no logical bearing on the effective date of the receipt of the first application for the purposes of notice to the city for the running of the 120-day time period. Since the city acknowledged receipt of an application to construct a second unit or accessory apartment on February 9, 1990, but failed to act within the time allowed by section 65852.2, the city is required to process the Sounheins' application under the standards set forth in section 65852.2, subdivision (b).

### DISPOSITION

The judgment is affirmed.

Turner, P. J., and Grignon, J., concurred.