Filed 6/26/15 Modified and certified for publication 7/22/15 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CASTAIC LAKE WATER AGENCY,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>NEWHALL COUNTY WATER DISTRICT et al.,<br><br>      Defendants and Respondents. | B254639<br><br>(Los Angeles County<br>Super. Ct. No. BS144162) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Luis A. Lavin, Judge. Affirmed.

Best Best & Krieger, Jeffrey V. Dunn and Seena Samimi for Plaintiff and Appellant.

Lagerlof, Senecal, Gosney & Kruse, Thomas S. Bunn III and Christopher B. Chan for Defendants and Respondents.

Jenkins & Hogin, Michael Jenkins and Christi Hogin for League of California Cities as Amicus Curiae on behalf of Defendants and Respondents.

—————————

Plaintiff and appellant Castaic Lake Water Agency (Castaic) appeals a judgment dismissing its petition for writ of mandate; in the writ petition filed below, Castaic sought to overturn certain action taken by defendants and respondents Newhall County Water District and the Board of Directors of Newhall County Water District (hereafter, Newhall or the Newhall Board) on the ground that Newhall failed to comply with the open meeting requirements of the Ralph M. Brown Act (the Brown Act or the Act) (Gov. Code, § 54950 et seq.).[1]

We affirm the judgment dismissing Castaic's petition. We conclude there was no Brown Act violation by Newhall because the given notice substantially complied with the Act. Although the given notice erroneously cited subdivision (c) of section 54956.9 instead of subdivision (d)(4), it adequately advised the members of the public that on March 14, 2013, the Newhall Board would be meeting with its legal counsel, in closed session, to discuss potential litigation in two cases.[2]

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *The underlying events*

On March 8, 2013, Newhall posted a "Notice and Agenda of Regular Meeting of the Board of Directors of Newhall County Water District," notifying the public that the Newhall Board planned to hold a regular meeting on March 14, 2013. The March 8, 2013 notice and agenda, inter alia, contained Item H, which provided: "CLOSED SESSION [¶] 1. Conference with Legal Counsel pursuant to Government Code Section 54956.9(c) to discuss potential litigations (2 cases)."

---

[1] All further statutory references are to the Government Code, unless otherwise indicated.

[2] Because the given notice was in substantial compliance, it is unnecessary to address whether the Newhall Board properly cured and corrected the purported violation of the Act.

2

At the March 14, 2013 meeting, the Newhall Board met with its legal counsel in closed session and authorized the initiation of litigation against Castaic, a public water wholesaler, to challenge Castaic's approval of new water rates.

On April 25, 2013, pursuant to the above authorization, Newhall filed a combined petition and complaint against Castaic and other defendants in the Los Angeles County Superior Court. (No. BS142690.)

On June 21, 2013, Castaic's attorney sent Newhall a letter asserting that the Newhall Board violated sections 54954.2 and 54954.5. Castaic contended the Newhall Board violated the Brown Act on March 14, 2013 because none of Newhall's meeting agendas preceding the filing of the April 25, 2013 lawsuit provided public notice that the Newhall Board would be meeting in closed session pursuant to *subdivision (d)(4)* of section 54956.9. Castaic's letter also contended the Newhall Board violated the Brown Act by failing to properly disclose in an open meeting the item(s) to be discussed in closed session (§ 54957.7) and by failing to properly report the action taken during the closed session (§ 54957.1).[3] Castaic's letter demanded that the Newhall Board cease and desist its alleged violations of the Brown Act and cure or correct the violations by dismissing the lawsuit filed April 25, 2013.

On July 3, 2013, the Newhall Board posted another "Notice and Agenda of Regular Meeting of the Board of Directors of Newhall County Water District," notifying the public that the Newhall Board planned to hold a regular meeting on July 11, 2013. The July 3, 2013 notice contained, inter alia, Items I and K.

Item I thereof provided: "I. <u>CLOSED SESSION</u> [¶] 1. Conference with Legal Counsel - Anticipated Litigation [¶] Significant exposure to litigation pursuant to paragraph (2) of subdivision (d) of section 54956.9 (one case): Threat of litigation in June 21, 2013 letter from [Castaic's counsel]. [¶] 2. Conference with Legal Counsel pursuant to Government Code section 54956.9(d), paragraph (1) to discuss pending

---

[3] On appeal, Castaic is not pursuing its arguments that Newhall violated sections 54957.1 and 54957.7.

3

litigation: *Newhall County Water District v. Castaic Lake Water Agency, et al.*, Los Angeles County Superior [Court] Case No. BS142690."

The July 3, 2013 notice further stated at Item K, "Discussion and/or Action Items" as follows: "1. Ratification of Decision to File Castaic Lake Water Agency Rate Litigation [¶] Recommendation: [¶] Board of Directors ratify decision taken March 14, 2013 in closed session to authorize filing litigation to challenge Castaic Lake Water Agency's wholesale water rates."

At the July 11, 2013 meeting, the Newhall Board voted to ratify its decision to initiate the lawsuit against Castaic.

2. *Proceedings*.

a. *Castaic's petition to invalidate the Newhall Board's decision in closed session on March 14, 2013, which authorized the filing of the underlying lawsuit against Castaic.*

On July 25, 2013, Castaic commenced the instant action by filing a petition for writ of mandate and complaint for injunctive relief alleging violations of the Brown Act. Castaic sought a determination that Newhall's decision to initiate the underlying lawsuit, and the resulting petition and complaint filed April 25, 2013, were null and void due to noncompliance with the Act. Castaic sought to enjoin Newhall from taking any further action in that litigation except for the filing of a request for dismissal.

b. *Newhall's motion to dismiss Castaic's lawsuit.*

On September 4, 2013, Newhall filed a motion to dismiss Castaic's petition for writ of mandate and complaint for injunctive relief. Newhall contended its decision to initiate its lawsuit was a valid action under the Brown Act and not subject to being determined null and void because Newhall subsequently cured or corrected any alleged failure to give proper notice of its closed session to authorize the lawsuit by placing the matter on a subsequent agenda for open session, with full notice to the public of the action to be considered and an opportunity for public comment, before taking any action.

4

Therefore, Newhall urged that Castaic's action should be dismissed with prejudice pursuant to section 54960.1, subdivision (e).**4**

c.  *Castaic's opposition to the dismissal motion*.

In opposition, Castaic argued the cure for actions taken in violation of the Brown Act is to declare the action null and void.  "To allow [Newhall] to continue an action taken in violation of the Brown Act without declaring the action null and void defies logic.  [Newhall's] creative yet illogical attempt to ratify actions taken in violation of the Brown Act is contrary to public policy and eviscerates the purpose and enforceability of the Brown Act."

d.  *Trial court's ruling*.

On December 17, 2013, the matter came on for hearing.  The trial court granted Newhall's dismissal motion, ruling that Newhall adequately cured and corrected its "technical violation" of the Brown Act.  The trial court reasoned:  "Although section 54960.1 of the Brown Act does not specify how a legislative body is to go about curing and correcting an alleged Brown Act violation, the Court does not agree with [Castaic's] narrow interpretation of subdivision (e)'s 'cured and corrected' requirement. [¶]  Here, [Newhall] failed to comply with the technical requirements of sections 54954.2(a) and 54954.5 of the Brown Act when the Newhall Board indicated on its March 14, 2013 Notice that it intended to meet in closed session pursuant to section 59456.9(c) as opposed to 59456.9(d)(4), even though the March 14, 2013 Notice indicated that the closed session meeting was to be held to discuss potential litigation. . . .   In all other respects, Item H of the March 14, 2013 Notice satisfied the requirements of sections 54954.2(a) and 54954.5 of the Brown Act. . . . After receiving the demand letter from

---

**4**     Section 54960.1 states in relevant part at subdivision (e):  "During any action seeking a judicial determination pursuant to subdivision (a) if the court determines, pursuant to a showing by the legislative body that an action alleged to have been taken in violation of Section 54953, 54954.2, 54954.5, 54954.6, 54956, or 54956.5 has been cured or corrected by a subsequent action of the legislative body, the action filed pursuant to subdivision (a) shall be dismissed with prejudice."

5

[Castaic's] counsel, the Newhall Board decided it would attempt to cure and correct the March 14, 2013 Notice's deficiency by issuing the July 11, 2013 Notice, which cited the proper subdivision of 59456.9 of the Brown Act, and holding an open session meeting with public comment to determine whether the Newhall Board would ratify and go forward with its decision to initiate litigation against [Castaic].

"[Castaic] contends the only way [Newhall] could have cured the violation was to declare the March 14, 2013 action null and void and reinitiate the process of determining whether to bring a lawsuit against [Castaic]. In making this argument, [Castaic] relies on *Moreno v. City of King* (2005) 127 Cal.App.4th 17, where the court held that a city council did not properly cure and correct its Brown Act violation by attempting to post notice of a closed session meeting for the first time *after* the Brown Act violation occurred. [This] Court does not find that the decision in *Moreno* requires a finding that [Newhall] failed to properly cure the technical Brown Act violation at issue here."

The trial court further found that "the agendas and minutes for the March 14, 2013 and July 11, 2013 meetings notified the public that [Newhall] intended to, and did, meet in closed session to discuss potential litigation at the March 14, 2013 regular meeting. . . . [Newhall's] actions not only provided adequate notice of the Newhall Board's intent to reconsider the March 14, 2013 action taken in closed session, but they also provided [Castaic] with the opportunity to voice its objection to the Newhall Board's decision to file a lawsuit against [Castaic], an opportunity [Castaic] would not have had if [Newhall] conducted the closed session process anew after declaring the initial process null and void. [¶] In any event, even where a plaintiff has satisfied the threshold procedural requirements to set aside an agency's action, Brown Act violations will not necessarily invalidate a decision; the plaintiff must show prejudice. [Citation.] Given [Newhall's] actions in open session on July 11, 2013, [Castaic] and other interested persons were not prejudiced by [Newhall's] actions on March 14, 2013. At most, the underlying lawsuit would have been filed slightly later than April 25, 2013."

6

The trial court granted Newhall's dismissal motion but denied Newhall's request for attorney fees under section 54960.5 of the Act, finding that although Newhall was the prevailing party, it did not establish that Castaic's petition was frivolous and totally lacking in merit.

Castaic timely appealed the judgment of dismissal.

## CONTENTIONS

Castaic contends: the statutory scheme relating to the Brown Act requires that the Act be construed broadly and any exceptions be construed narrowly; the Act's legislative history shows that courts are required to declare "null and void" legislative actions taken in violation of certain provisions of the Act; Newhall took action in violation of sections 54954.2 and 54954.5 of the Act, making the action null and void and not merely voidable; and Newhall did not cure and correct its violation of the Act because all relevant action already had taken place several months earlier, and moreover, a null and void act cannot be ratified.

Newhall and amicus curiae contend that Newhall properly cured and corrected the alleged Brown Act violations.

## DISCUSSION

1. *The Brown Act*.

"Open government is a constructive value in our democratic society. [Citations.]" (*Roberts v. City of Palmdale* (1993) 5 Cal.4th 363, 380.) The Brown Act (§ 54950 et seq.), adopted in 1953 and since amended, is intended to ensure the public's right to attend the meetings of public agencies. (*Freedom Newspapers, Inc. v. Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 825.) To achieve this aim, the Act requires, inter alia, that an agenda be posted at least 72 hours before a regular meeting, and it forbids action on any item not on that agenda. (Gov. Code, § 54954.2, subd. (a); *Cohan v. City of Thousand Oaks* (1994) 30 Cal.App.4th 547, 555 (*Cohan*).) The Act thus facilitates public participation in all phases of local government decisionmaking and

7

curbs misuse of the democratic process by secret legislation by public bodies. (*Cohan*, *supra*, at p. 555.)

The Brown Act dictates that "[a]ll meetings of the legislative body of a local agency shall be open and public, and all persons shall be permitted to attend any meeting of the legislative body of a local agency, except as otherwise provided in this chapter." (§ 54953, subd. (a).)

The Act's statement of intent provides: "In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly. [¶] The people of this State do not yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created." (§ 54950; Stats.1953, ch. 1588, § 1.)

2. *There was no violation of the Brown Act.*

The threshold issue, as Castaic recognizes in its opening brief, is "(1) whether or not the undisputed events were a violation of the Brown Act." Castaic contends Newhall violated the Act when it met in closed session on March 14, 2013, because Newhall failed to "include accurate information regarding the initiation of litigation 'pursuant to paragraph (4) of subdivision (d) of Section 54956.9,' " and instead cited to subdivision (c) of the same statute.

As explained below, the notice/agenda of the March 14, 2013 meeting substantially complied with the Brown Act, making it unnecessary to address whether Newhall properly cured and corrected the purported violation.

a. *De novo standard of appellate review*.

The "facts in this matter are undisputed; the issue on appeal is whether the actions taken violated the Brown Act. (Gov. Code, § 54953 et seq.) Accordingly, our review is de novo. [Citation.]" (*Furtado v. Sierra Community College* (1998) 68 Cal.App.4th 876, 880, fn. omitted.)

b. *Substantial compliance is the governing test*.

Section 54954.5 states: "For purposes of describing closed session items pursuant to Section 54954.2, *the agenda may describe closed sessions as provided below*.[5] No legislative body or elected official shall be in violation of Section 54954.2 or 54956 *if the closed session items were described in substantial compliance with this section.* Substantial compliance is satisfied by including the information provided below, irrespective of its format. [¶] . . . [¶] (c) With respect to every item of business to be discussed in closed session pursuant to Section 54956.9: [¶] . . . [¶] CONFERENCE WITH LEGAL COUNSEL-ANTICIPATED LITIGATION [¶] . . . [¶] Initiation of litigation pursuant to paragraph (4) of subdivision (d) of Section 54956.9: (Specify number of potential cases)." (Italics added.)

We are also guided by *North Pacifica LLC v. California Coastal Com*. (2008) 166 Cal.App.4th 1416 (*Pacifica*) involving a similar statutory scheme, the Bagley-Keene Open Meeting Act (§ 11120 et seq.), which requires advance notice to the public and all interested persons of public meetings held by state bodies. (*Pacifica*, *supra*, at p. 1430.)[6] "In determining whether a state body has substantially complied with statutory

---

**5** Section 54954.5 does not purport to specify the exclusive means of compliance with agenda description requirements. The statute merely states the "agenda may describe closed sessions as provided below" (*ibid*) and that "[s]ubstantial compliance is satisfied by including the information provided below, irrespective of its format." (*Ibid*., italics added.)

**6** The Bagley-Keene Act is the state counterpart to the Brown Act, which applies to local agencies. (*Southern California Edison Co. v. Peevey* (2003) 31 Cal.4th 781, 809 conc. & diss. opn. of Baxter, J.)

9

requirements '[t]he paramount consideration is the objective of the statute.' [Citation.] 'Unless the intent of a statute can only be served by demanding strict compliance with its terms, substantial compliance is the governing test.' [Citation.] ' "Substantial compliance . . . means actual compliance *in respect to the substance essential to every reasonable objective of the statute*." [Citation.]' [Citation.] [¶] The stated objectives of the Bagley-Keene Act are to assure that 'actions of state agencies be taken openly and that their deliberation be conducted openly.' (Gov. Code, § 11120.) Because Government Code section 11130.3, subdivision (b)(3) allows substantial compliance with the Bagley-Keene Act's notice requirements, the objectives of that act can be served without demanding strict compliance with those requirements. Thus, state actions in violation of those requirements should not be nullified, *so long as the state agency's reasonably effective efforts to notify interested persons of a public meeting serve the statutory objectives* of ensuring that state actions taken and deliberations made at such meetings are open to the public." (*Pacifica*, *supra*, 166 Cal.App.4th at pp. 1431-1432, italics added.)

c. *The notice/agenda of the March 14, 2013 meeting was in substantial compliance with the Brown Act; the given notice was sufficient to apprise the public that the Newhall Board would be meeting in closed session with its legal counsel to discuss potential litigation in two cases.*

As indicated, the notice and agenda preceding the March 14, 2013 meeting provided at Item H: "CLOSED SESSION [¶] 1. Conference with Legal Counsel pursuant to Government Code Section 54956.9(c) to discuss potential litigations (2 cases)." Thus, the notice plainly advised the members of the public that on March 14, 2013, the Newhall Board would be meeting with its legal counsel, in closed session, to discuss two potential lawsuits.

The notice that was given basically conforms to the language prescribed in section 54954.5, subd. (c), which provides in relevant part: "CONFERENCE WITH LEGAL COUNSEL-ANTICIPATED LITIGATION [¶] . . . [¶] Initiation of litigation pursuant to

10

paragraph (4) of subdivision (d) of Section 54956.9: (Specify number of potential cases)." The only discrepancy between the given notice and the statutory notice is that the notice that was given erroneously specified subdivision (c) of section 54956.9, instead of subdivision (d)(4).

Subdivision (c) of section 54956.9, erroneously cited in the notice/agenda, defines the term "litigation." It states: "(c) For purposes of this section, 'litigation' includes any adjudicatory proceeding, including eminent domain, before a court, administrative body exercising its adjudicatory authority, hearing officer, or arbitrator." (§ 54956.9, subd. (c).)

Section 54956.9, subdivision (d)(4), not cited in the notice/agenda, provides: "(d) For purposes of this section, litigation shall be considered pending when any of the following circumstances exist: [¶] . . . [¶] (4) *Based on existing facts and circumstances, the legislative body of the local agency has decided to initiate or is deciding whether to initiate litigation.*" (Italics added.) Prior to a 2012 amendment to section 54956.9 (Stats. 2012, ch. 759, § 7), this identical language was found in *former* subdivision (c) of section 54956.9, which stated in relevant part: "(c) Based on existing facts and circumstances, the legislative body of the local agency has decided to initiate or is deciding whether to initiate litigation." (Stats. 1994, ch. 32, § 13.)

On our de novo review, we conclude that irrespective of the variance between the given notice/agenda and the statutorily prescribed notice, the given notice was in substantial compliance with the statute. Castaic's argument is hypertechnical and elevates form over substance. The given notice plainly advised the members of the public that on March 14, 2013, the Newhall Board would be meeting with its legal counsel, in closed session, to discuss potential litigation in two cases. The citation in the given notice to subdivision (c) instead of subdivision (d)(4) of section 54956.9 could not possibly have misled or confused anyone. Subdivision (d)(4) of section 54956.9 states: "*Based on existing facts and circumstances, the legislative body of the local agency has decided to initiate or is deciding whether to initiate litigation.*" (Italics added.) Although

11

the given notice did not direct the reader to that particular subdivision of section 54956.9, it was sufficient to apprise the public that the Newhall Board would be meeting with its legal counsel, in closed session, to discuss potential litigation in two cases.

" ' "Substantial compliance . . . means actual compliance *in respect to the substance essential to every reasonable objective of the statute.*" ' " (*Pacifica*, *supra*, 166 Cal.App.4th at p. 1432, italics added.)  On the undisputed facts presented here, we readily conclude the given notice was in substantial compliance with the Brown Act.[7]

3.  *Remaining issues not reached.*

In view of our conclusion that the notice/agenda of the March 14, 2013 meeting substantially complied with the Act, it is unnecessary to address whether Newhall properly cured and corrected the purported violation, or any other issues.

---

[7]  In its response to the brief of amicus curiae, Castaic argued the League of California Cities is precluded from arguing that because Newhall " 'substantially complied, no cure was necessary.' "  Castaic contends "The League cannot raise this issue now because the issue of substantial compliance is not properly before the court."  However, the issue of substantial compliance is *squarely* before this court, having been tendered to this court by Castaic.  Castaic's opening brief on appeal, at page 16, contains the following heading:  "3.  Respondent Did Not Meet the Requirements for Substantial Compliance under Sections 54954.2 and 54954.5."  Therefore, the threshold issue of substantial compliance is properly before this court.

Further, this court deferred submission following oral argument to allow for supplemental briefing on the issue of substantial compliance, and we have considered the parties' supplemental filings.

12

## DISPOSITION

The judgment dismissing Castaic's petition is affirmed.  Respondents shall recover their costs on appeal.


EDMON, P. J.


We concur:


KITCHING, J.


EGERTON, J. *

13

Filed 7/22/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CASTAIC LAKE WATER AGENCY, | B254639 |
| Plaintiff and Appellant, | (Super. Ct. No. BS144162) Los Angeles County |
| v. | ORDER MODIFYING OPINION AND CERTIFYING OPINION FOR PUBLICATION [CHANGE IN JUDGMENT] |
| NEWHALL COUNTY WATER DISTRICT et al., | |
| Defendants and Respondents. | |

THE COURT:

It is ordered that the opinion filed herein on June 26, 2015 be modified as follows:

1.  On page 2, line 2, before the semi-colon, insert the words "and complaint for injunctive relief"

2.  On page 2, line 2, following the semi-colon, replace the words "in the writ petition filed below" with the words "in the court below"

3.  On page 2, in the first sentence of the second full paragraph, replace the word "petition" with the word "action"

4.  On page 9, replace section a, lines 1 through 5, with the following:

a. *On our de novo review, we find Newhall's notice substantially complied with the Brown Act; therefore, we do not reach issue of whether Newhall adequately cured or corrected the purported violation.*

Where, as here, the facts are undisputed, the question of whether the action taken complied with the Brown Act is one of law, to be reviewed de novo. (*Furtado v. Sierra Community College* (1998) 68 Cal.App.4th 876, 880.)

The issue of Newhall's substantial compliance with the Brown Act was not litigated below. Rather, at the trial court level, Newhall successfully moved to dismiss Castaic's action pursuant to section 54960.1, subdivision (e), asserting it properly cured or corrected the purported violation.

Although the parties did not address substantial compliance below, and did not fully develop the issue until their supplemental briefs on appeal (see fn. 7, *post*), "we are nonetheless free to consider the matter since it involves an issue of law on undisputed facts which may be raised for the first time on appeal. [Citations.]" (*Tsemetzin v. Coast Federal Savings & Loan Assn.* (1997) 57 Cal.App.4th 1334, 1341, fn. 6.)

On our de novo review, as discussed below, we conclude there was no Brown Act violation by Newhall because the given notice substantially complied with the Act. Therefore, we affirm the judgment of dismissal, albeit on a different ground than the trial court, which found that Newhall adequately cured and corrected its "technical violation" of the Act. (See, e.g. *LT-WR, L.L.C. v. California Coastal Com.* (2007) 152 Cal.App.4th 770, 802, fn. 5 ["Regardless of the trial court's rationale, because the dismissal . . . is correct in result, it must be upheld. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19)"].)

5. On page 13, line 2, replace the word "petition" with the word "action"

The opinion in the above-entitled matter filed June 26, 2015, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

[This modification changes the judgment.]

2