Filed 8/14/20  La Jolla Benefits Assn. v. City of San Diego CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| LA JOLLA BENEFITS ASSOCIATION, LLC, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CITY OF SAN DIEGO, <br><br> Defendant and Respondent. | D075191 <br><br><br> (Super. Ct. No. 37-2016-00045595-CU-MC-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County,

Randa Trapp, Judge.  Appeal dismissed.

Aguirre & Severson, Michael J. Aguirre and Maria C. Severson for Plaintiff and

Appellant.

Mara W. Elliott, City Attorney, George F. Schaefer, Assistant City Attorney, and

Lynn M. Beekman, Deputy City Attorney, for Defendant and Respondent.

I.

INTRODUCTION

In June 2018, the trial court entered a ruling[1] denying La Jolla Benefits Association, LLC's (La Jolla Benefits) petition for writ of mandate and complaint for declaratory and injunctive relief against the City of San Diego (City). La Jolla Benefits filed a motion for reconsideration and a motion for leave to file a first amended petition for writ of mandate / complaint. The trial court denied both motions in November 2018. The trial court entered a "judgment" against La Jolla Benefits and in favor of the City on December 4, 2018. The December 4, 2018 judgment restates the court's June 2018 order / judgment denying the petition for writ of mandate / complaint and the court's subsequent orders denying the motions for reconsideration and leave to amend. La Jolla Benefits filed a notice of appeal from the December 4, 2018 judgment on January 4, 2019.

While this appeal was pending, the City filed a motion to dismiss the appeal. The City argued that the December 2018 judgment is not an appealable judgment insofar as it merely restates the trial court's June 2018 order / judgment denying La Jolla Benefits's petition for writ of mandate / complaint for declaratory and injunctive relief, and that the June 2018 order / judgment is an appealable final judgment from which no appeal was timely taken. (See *Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th

---

[1]     For reasons explained in part III.B, *post*, we conclude that the June 2018 ruling constitutes a final appealable judgment. Accordingly, we refer to the June 2018 ruling as an order / judgment throughout this opinion.

579, 582–583 (*Laraway*) [concluding that an order that "completely resolved all issues between all parties" on petitioner's motion for writ of mandamus and prohibition and complaint for injunctive and declaratory relief was a final judgment from which no timely appeal was taken, and stating that the "Rules of Court do not provide, once a judgment or appealable order has been entered, . . . the time to appeal can be restarted or extended by the filing of a subsequent judgment or appealable order making the same decision"].)  The City further argued that the December 2018 judgment is not appealable insofar as it restates the trial court's orders denying La Jolla Benefits's motion for reconsideration and motion for leave to amend, because the underlying orders, themselves, were not appealable.

We agree with the City that under the holding in *Laraway*, the December 2018 judgment is not an appealable judgment insofar as it merely restates the trial court's June 2018 order / judgment.  We also conclude that the December 2018 judgment is not appealable insofar as it restates the trial court's orders denying La Jolla Benefits's motion for reconsideration and motion for leave to amend because the court's orders denying those motions were not appealable.  Having concluded that no portion of the December 2018 judgment from which La Jolla Benefits appeals is in fact appealable, we dismiss La Jolla Benefits's appeal in its entirety.[2]

---

[2]    In its motion to dismiss, the City argued that, even assuming that the December 4, 2018 judgment is an appealable judgment, the January 4, 2019 appeal should be dismissed because it was not taken "within 30 days after the entry of judgment," under San Diego Municipal Code section 65.0214.  We need not consider this argument in light of our conclusion that the appeal must be dismissed for the reasons set forth in the text.

II.

FACTUAL AND PROCEDURAL BACKGROUND

A. *La Jolla Benefits's petition for writ of mandate / complaint*

La Jolla Benefits filed a petition for writ of administrative mandamus and complaint for declaratory and injunctive relief against the City on December 28, 2016. In its petition for writ of mandate / complaint, La Jolla Benefits challenged the City's approval of the formation of the La Jolla Maintenance Assessment District (District). The District was authorized to levy assessments against property owners within a designated area in La Jolla and to provide services such as landscaping, power washing, and litter control within the District. La Jolla Benefits claimed that the manner by which the District was formed violated provisions of California law. La Jolla Benefits sought various forms of relief, including the dissolution of the District and an injunction against its levying of assessments.

B. *The trial court's June 27, 2018 order / judgment*

On June 27, 2018, the trial court entered an order / judgment denying La Jolla Benefits's petition for writ of mandate / complaint in its entirety on the ground that La Jolla Benefits had "not shown standing to bring this action." In making this determination, the trial court noted that La Jolla Benefits claimed to have standing because "[o]ne of its members, A-440 Enterprises Inc. [(A-440)], is a commercial

4

property owner within . . . the [District] and is liable [for the District's assessments]."[3]

After reviewing the evidence in the record pertaining to the relationship between La Jolla Benefits and A-440,[4] the trial court rejected this theory of standing, reasoning:

> "When this action was filed on December 28, 2016, the evidence presented shows that [La Jolla Benefits] did not own property within the [District] and that [La Jolla Benefits] was not managed by A-440 . . . . By the time [La Jolla Benefits] was managed by A-440 . . . on February 6, 2017, the [30-day] statute of limitations to file this action had run. Further, it appears A-440 . . . is no longer the manager of [La Jolla Benefits]."

C. *Postjudgment proceedings*

    1. *La Jolla Benefits's motion for reconsideration*

In July 2018, La Jolla Benefits filed a motion for reconsideration. In its motion, La Jolla Benefits stated:

> "[La Jolla Benefits's] motion will be made on the following grounds:

---

3    In explaining La Jolla Benefits's potential standing to bring the action, the trial court stated, "A 'representative organization or association may have standing to bring an action if its members would have had standing to bring that action as individuals. (*Gilbane Building Company v. Superior Court* (2014) 223 Cal.App.4th 1527, 1531; *Taxpayers for Accountable School Bond Spending v. San Diego Unified School District* (2013) 215 Cal.App.4th 1013, 1032[.])' "
    La Jolla Benefits is a limited liability company. We express no opinion as to whether a limited liability company may obtain standing as a "representative organization or association" of its members.

4    The trial court's review included a discussion of the evidence pertaining to an individual named Lincoln Foster. The trial court stated that Foster formed La Jolla Benefits on or about December 23, 2016 (just a few days prior to the filing of this action on December 28, 2016), and that there was evidence that Foster was "the CEO and CFO of A-440."

"1. The [City], was on notice and aware that Lincoln Foster, through his commercial entity A-440 . . . , was the real-party-in-interest.

"2. The proper remedy was for the court to grant [La Jolla Benefits] leave to amend to add A-440 . . . as a party."

2. *La Jolla Benefits's motion for leave to amend*

On October 9, 2018, La Jolla Benefits filed a motion for leave to file a first amended petition for writ of mandate / complaint in order to "clarify" La Jolla Benefits's standing to bring the action, and to add three "other commercial property owners that are subject to the assessments imposed by the [District]," as plaintiffs. La Jolla Benefits identified those three plaintiffs as: " 'A-440 . . . ; Allison-Zongker, a Limited Partnership; and Boyadjian Seta Living Trust 08-26-15, a Trust.' "

3. *The trial court's order denying La Jolla Benefits's motions for reconsideration and leave to amend*

In November 2018, the trial court entered an order denying La Jolla Benefits's motions for reconsideration and leave to amend.

With respect to the motion for reconsideration, the trial court reasoned in part:

"Petitioner here has not shown a new fact nor a satisfactory explanation for failing to provide the evidence earlier and argues that the court erred in failing to allow leave to amend. The court notes that the issue of standing was briefed and argued and petitioner did not request leave to amend at the hearing. Nonetheless, petitioner relies on case law permit[t]ing reconsideration after a demurrer/judgment on the pleadings for failing to allow leave to amend. [Citation]. In this case, the court did not rule on a pleadings motion but held an evidentiary hearing on a writ of administrative mandate and determined that petitioner lacked standing."

With respect to the motion for leave to amend, the trial court reasoned in part:

6

"[N]one of the proposed new petitioners have standing as they did not timely challenge the ordinance at issue here. [Citation.]"

4. *The trial court's December 4, 2018 "judgment"*

On December 4, 2018, the trial court issued a "judgment" referencing and attaching the June 2018 order / judgment and the November 2018 order denying the motions for reconsideration and for leave to amend. The "judgment" states in relevant part:

> "On June 27, 2018, the court issued an order DENYING [La Jolla Benefits's] Writ Petition (Writ Order) in its entirety. . . .
>
> "On July 13, 2018, [La Jolla Benefits] filed a Motion for Reconsideration of the court's June 27, 2018 Writ Order (Reconsideration Motion). On October 9, 2018, [La Jolla Benefits] filed a Motion to Allow and [*sic*] Amendment of [La Jolla Benefits's] Writ Petition (Motion to Amend). On November 2, 2018, the court heard both [La Jolla Benefits's] Reconsideration Motion and Motion to Amend (Post-Trial Motions), and took both matters under submission. On November 5, 2018, the court issued an order on [La Jolla Benefits's] Post-Trial Motions, DENYING both motions. . . .
>
> "Therefore, based on the court's June 27, 2018 Writ Order, the court enters judgment as follows:
>
>> "1. Judgment on all claims contained within [La Jolla Benefits's] Writ Petition is entered in favor of the City and against [La Jolla Benefits];
>>
>> "2. The City shall recovery its costs in the amount of _____."

D.  *The appeal*

    1.  *The notice of appeal*

On January 4, 2019, La Jolla Benefits filed a notice of appeal from the December

4, 2018 judgment.

    2.  *This court's March 2019 letter requesting that the parties address*
       *appealability in their briefs*

After the filing of the notice of appeal, this court sent the parties a letter that raised

several issues pertaining to our appellate jurisdiction and requested that the parties

address "appealability and the proper scope of this appeal in their respective briefs."[5]

---

[5]    The letter stated:

> "The notice of appeal and civil case information statement filed by
> [La Jolla Benefits] indicate it is appealing from a final judgment.
> The judgment adopts an earlier order denying a petition for writ of
> mandate, discusses the denial of a motion for reconsideration and
> 'motion to amend,' and adds a statement that [the City] is entitled to
> recover its costs.  An order denying a petition for writ of mandate
> that contemplates no further action and disposes of all issues
> between all parties is treated as a final judgment and is immediately
> appealable.  (*Laraway*[, *supra*,] 98 Cal.App.4th [at p.] 583.)  'Once a
> final, appealable order or judgment has been entered, the time to
> appeal begins to run.  The Rules of Court do not provide, once a
> judgment or appealable order has been entered, that the time to
> appeal can be restarted or extended by the filing of a subsequent
> judgment or appealable order making the same decision.'  (*Ibid.*)  A
> subsequent judgment that only adds an award of costs is 'nothing
> more than a post-judgment order determining respondent's right to
> recover costs.'  (*Id.* at p. 583, fn. 6.)  It appears the earlier order,
> entered on June 27, 2018, is an appealable order in this proceeding
> and the notice of appeal was filed more than 180 days after entry of
> that order.  Additionally, to the extent the appeal is taken from the
> order denying the motion for reconsideration of that order, that order
> is also not appealable.  (Cal. Civ. Proc., § 1008, subdivision (g).)
> Thus, although some portions of the judgment may be appealable,

8

### 3. *La Jolla Benefits's opening brief in this court*

In its opening brief, La Jolla Benefits contended that it had timely appealed from the December 4, 2018 judgment "as a final judgment . . . following the denial of the motion for leave to amend the complaint for declaratory relief and the petition."

### 4. *The City's motion to dismiss*

After La Jolla Benefits filed its opening brief in this matter, the City filed a motion to dismiss the appeal on the ground that this court does not have appellate jurisdiction over any portion of La Jolla Benefits's appeal. Specifically, the City contends that the December 4, 2018 judgment does not constitute an appealable judgment insofar as it restates the June 2018 order / judgment since the June 2018 order / judgment itself constitutes a final appealable judgment from which no appeal was timely taken. The City further contends that the December 4, 2018 judgment is not appealable insofar as it incorporates the trial court's orders denying La Jolla Benefits's motion for reconsideration and motion for leave to amend, because the trial court's orders denying such motions were not themselves appealable.

La Jolla Benefits filed an opposition to the motion to dismiss. In its opposition, La Jolla Benefits contends that the June 27, 2018 ruling is *not* a judgment. La Jolla Benefits also appears to contend that the order denying the motion for reconsideration and the

other orders incorporated into that judgment may be outside the scope of the appeal. [¶] . . . [¶] The court requests that the parties address these specific issues regarding appealability and the proper scope of this appeal in their respective briefs."

9

order denying the motion for leave to amend are both reviewable by way of its timely

appeal from the December 4, 2018 judgment.[6]

III.

DISCUSSION

*Since this court does not have appellate jurisdiction over any portion of La Jolla Benefits's appeal, the appeal must be dismissed*

The City claims that La Jolla Benefits's appeal from the December 4, 2018

judgment must be dismissed because this court does not have appellate jurisdiction. We

first provide an overview of the relevant law governing this court's appellate jurisdiction,

before addressing the City's specific arguments as to the appealability of the December 4,

2018 judgment.

A. *Relevant principles of appellate jurisdiction*

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an

appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices

Com.* (2001) 25 Cal.4th 688, 696 (*Griset*).)

---

[6]     With respect to its motion for reconsideration, La Jolla Benefits quoted Code of
Civil Procedure section 1008, subdivision (g), which provides as follows:

> "An order denying a motion for reconsideration made pursuant to
> subdivision (a) is not separately appealable.  However, if the order
> that was the subject of a motion for reconsideration is appealable,
> *the denial of the motion for reconsideration is reviewable as part of
> an appeal from that order*."  (Italics added)

With respect to the order denying leave to amend, La Jolla Benefits argues that
"[t]he City . . . mischaracterizes [La Jolla Benefits's] motion for leave to amend as a
postjudgment order."

"Compliance with the time for filing a notice of appeal is mandatory and jurisdictional. [Citation.] If a notice of appeal is not timely, the appellate court must dismiss the appeal. [Citation.] The latest possible time within which a notice of appeal must be filed is 180 days after entry of judgment or entry of an appealable order." (*Laraway*, *supra*, 98 Cal.App.4th at p. 582; see Cal. Rules of Court, rule 8.104(a)(1)(C).)

California Rules of Court, rule 8.104(a) (Rule 8.104) provides:

> "(a) Normal time
>
> "(1) Unless a statute or rules 8.108, 8.702, or 8.712[7] provides otherwise, a notice of appeal must be filed on or before the earliest of:
>
> "(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served;
>
> "(B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or

---

7    California Rules of Court, rule 8.108 (Rule 8.108) may operate to extend the time for filing an appeal when certain valid pleadings are filed, including a notice of motion for new trial, notice of motion or motion to vacate judgment, motion for judgment notwithstanding the verdict, or a motion to reconsider an appealable order. However, generally speaking, even assuming the applicability of Rule 8.108, the time to appeal may not be extended more than "180 days after entry of judgment." (See Cal. Rules of Court, rule 8.108(b), (c), (d), (e).) We discuss La Jolla Benefits's argument that the filing of its July 2018 motion for reconsideration operated to extend the time to file its notice of appeal in part III.B.2.b, *post*.

California Rules of Court, rule 8.702 pertains to cases under the California Environmental Quality Act. California Rules of Court, rule 8.712 pertains to appeals of orders dismissing or denying a petition to compel arbitration. Neither has any relevance in this case.

11

"(C) 180 days after entry of judgment."

We are not aware of any statute or rule that provides for a period of time *longer* than 180 days after entry of judgment to file a notice of appeal.[8]

B.  *Application*

    1.  *The December 4, 2018 judgment is not appealable insofar as it restates the June 2018 ruling because the June 2018 ruling is itself a final judgment*

        a.  *Governing law*

A judgment or order granting or denying a petition for writ of mandate is immediately appealable where it disposes of all of the claims between the parties.[9]  For example, in *Laraway*, the petitioner filed a petition for a writ of mandamus and prohibition as well as injunctive and declaratory relief seeking certain public records from a school district and several of its employees (collectively "District").  (*Laraway*, *supra*, 98 Cal.App.4th at pp. 580–581.)  On August 23, 2000, the trial court entered an " '*order* regarding petitioner's motion for writ of mandamus, prohibition, injunctive and declaratory relief . . . .' "  (*Id.* at p. 581, italics added in *Laraway*.)  The August 2000

---

8    Rule 8.104(e) provides that, for purposes of Rule 8.104(a), " 'judgment' includes an appealable order if the appeal is from an appealable order."

9    However, an order denying a petition for writ of mandate is not appealable if causes of action or issues remain pending between the parties or some further action on the petition is contemplated.  (See, e.g., *Griset*, *supra*, 25 Cal.4th at p. 697 [" 'the denial of a petition for writ of mandate is not appealable if other causes of action remain pending between the parties' "].)

12

order "completely resolved all issues between all parties." (*Id.* at p. 582.)[10] The

*Laraway* court noted that the August 2000 order did not "contemplate nor direct the

preparation of any further order or judgment." (*Ibid.*) In January 2001, the trial court in

*Laraway* filed a judgment that "simply reiterated that the court had 'ruled by Order dated

August 23, 2000' on the petition, set forth the same rulings as contained in the order

denying the petition, added a provision that judgment was entered in favor of respondent

and against petitioner, and awarded respondent $0 in costs against petitioner." (*Ibid.*) In

late March or early April 2001,[11] the petitioner filed a notice of appeal from the January

2001 judgment. On April 19, 2001, the District filed a cross-appeal from that same

judgment. (*Ibid.*)

The *Laraway* court concluded that the August 2000 order was "properly treated as

a final judgment," since it "contemplated no further action, such as the preparation of

another order or judgment [citation], and disposed of all issues between all parties."

(*Laraway*, *supra*, 98 Cal.App.4th at p. 583.) The *Laraway* court added that "the

---

10    Specifically, in the order, the trial court in *Laraway* denied the petitioner's
requests for a writ of mandamus or prohibition or for injunctive relief. (*Laraway*, *supra*,
98 Cal.App.4th at p. 581.) The order also denied in part and granted in part the
petitioner's request for declaratory relief, and directed the District to provide the
petitioner with a copy of a particular public record. (*Ibid.*)
    In a footnote, the *Laraway* court noted that the August 2000 order did *not* award
attorney fees or costs, but observed that this fact was irrelevant to a determination of
whether the order was a final judgment. (*Laraway*, *supra*, 98 Cal.App.4th at p. 582,
fn. 3.)

11    The *Laraway* court noted that the notice of appeal contained in the record was
dated March 28, but was not file stamped. (*Laraway*, *supra*, 98 Cal.App.4th at p. 582,
fn. 4.)

13

subsequent judgment entered on January 29, 2001 was simply a repetition of the August

23, 2000 order." (*Ibid.*)

The *Laraway* court concluded that the Court of Appeal lacked jurisdiction over the

appeal and the cross-appeal from the January 2001 judgment, reasoning:

> "Once a final, appealable order or judgment has been entered, the
> time to appeal begins to run. The Rules of Court do not provide,
> once a judgment or appealable order has been entered, that the time
> to appeal can be restarted or extended by the filing of a subsequent
> judgment or appealable order making the same decision. Thus, once
> the August 23, 2000 order was entered, the time within which to file
> a notice of appeal therefrom began to run, and could not be restarted
> by the relabeling of the trial court's earlier decision and then
> entering such 'judgment' at a later date.

> "Because the parties failed to file timely notice of appeal from the
> August 23, 2000 order, the petitioner's appeal and respondent's
> cross-appeal, filed more than 180 days after entry of the August 23,
> 2000 order, were untimely, and both such appeals must be
> dismissed." (*Laraway*, *supra*, 98 Cal.App.4th at p. 583.)

*Laraway* is in accord with well-established law. (See, e.g., *Breslin v. City and

County of San Francisco* (2007) 146 Cal.App.4th 1064, 1073–1074 [determining that

"order effectively disposing of all four causes of action pled in the petition

notwithstanding the lack of a formal judgment so stating," was appealable and treating

"the trial court's order denying issuance of a writ of mandate as the equivalent of a final

judgment on all of these causes of action"]; *Nerhan v. Stinson Beach County Water Dist.*

(1994) 27 Cal.App.4th 536, 539 ["the appealability of the denial of a petition for writ of

mandate is based on whether the trial court contemplated taking any further action.

Where no further action is contemplated, the order denying the petition for writ of

mandate is a final judgment in a special proceeding"]; accord *Griset*, *supra*, 25 Cal.4th at

14

p. 699 ["we conclude the 1991 superior court ruling . . . was a final judgment" because "the superior court's denial of plaintiffs' petition for a writ of mandate disposed of all issues in the action between plaintiffs and the [defendant]"].)

      b. *Application*

The June 27, 2018 ruling denied La Jolla Benefits's claims for relief in its entirety, and did not contemplate any further action in the case. Thus, as in *Laraway*, the June 2018 ruling is "properly treated as a final judgment" since it "contemplated no further action, such as the preparation of another order or judgment [citation], and disposed of all issues between all parties." (*Laraway*, *supra*, 98 Cal.App.4th at p. 583.)

We are not persuaded by La Jolla Benefits's contention that the June 2018 ruling was not a final judgment because it "did not dispose of the issues between the parties and the court contemplated further action [between the parties]." With respect to the former, La Jolla Benefits notes that the June 2018 ruling did not dispose of La Jolla Benefits's motion for reconsideration and motion for leave to amend. We are not persuaded. The fact that the June 2018 ruling did not address matters that arose *after* the filing of June 2018 ruling, such as the motions for reconsideration and leave to amend, does not demonstrate that the June 2018 ruling did not dispose of all issues between the parties within the meaning of *Laraway* and the one final judgment rule, upon which *Laraway* is premised. (See *Laraway*, *supra*, 98 Cal.App.4th at p. 583 [citing case law, including *Wiener v. Superior Court* (1976) 58 Cal.App.3d 525, 528, based on the one final judgment rule].) Under the one final judgment rule, a ruling that " ' " 'terminates the litigation between the parties on the merits of the case,' " ' " (*Dana Point Safe Harbor*

15

*Collective v. Superior Court* (2010) 51 Cal.4th 1, 5) is an appealable final judgment. The fact that a ruling does not address *postjudgment* matters, does not demonstrate that the ruling is not an appealable final judgment. Indeed, as noted previously (see fn. 10, *ante*), the *Laraway* court stated that the fact that the August 2000 order / judgment in that case had not awarded attorney fees or costs was irrelevant in determining whether the August 2000 order / judgment was appealable, since such attorney fees and costs are commonly addressed by way of *postjudgment* proceedings. (*Laraway*, *supra*, at p. 582, fn. 3.)

Further, the June 2018 ruling did not contemplate any additional action between the parties. While La Jolla Benefits notes that it objected to the entry of the City's proposed formal judgment in the days after the court's issuance of the June 2018 ruling, there is nothing in the June 2018 ruling itself, nor anything else in the record, demonstrating that the trial court contemplated that the parties would take further action in the case such that the June 2018 order / judgment was not appealable.[12] The mere fact that the trial court did not immediately enter the City's proposed judgment after issuing the June 2018 ruling is irrelevant, since the June 2018 ruling was itself a final judgment. (See *Laraway*, *supra*, 98 Cal.App.4th at p. 583 ["The Rules of Court do not provide, once

_____

[12] We grant La Jolla Benefits's unopposed November 15, 2019 motion for judicial notice, asking this court to take judicial notice of: (1) its July 6, 2018 objection to the City's "[p]roposed [j]udgment," and the (2) proof of service of the July 6, 2018 objection. (See Evid. Code, §§ 459 ["The reviewing court may take judicial notice of any matter specified in [Evidence Code] [s]ection 452"], 452, subd. (d) [permitting a court to take judicial notice of the '[r]ecords of (1) any court of this state'].) In its objection, La Jolla Benefits stated that it objected to the entry of the City's proposed judgment on the ground that "the Judgment would be premature" because La Jolla Benefits had "scheduled a Motion for Reconsideration and a Motion for Leave to Amend the Complaint."

16

a judgment or appealable order has been entered, that the time to appeal can be restarted or extended by the filing of a subsequent judgment or appealable order making the same decision"].)

Further, it is undisputed that La Jolla Benefits did not timely file an appeal from the June 2018 order / judgment.[13] Thus, La Jolla Benefits may not obtain review of the June 2018 order / judgment by filing an appeal from the December 4, 2018 restatement of the June 2018 order / judgment. (See *Laraway*, *supra*, 98 Cal.App.4th at p. 583.)

Accordingly, we conclude that the December 4, 2018 judgment is not appealable insofar as it restates the June 2018 ruling because the June 2018 ruling is itself a final judgment.

2. *The December 4, 2018 judgment is not appealable insofar as it restates the November 2018 order denying La Jolla Benefits's motion for reconsideration because the November 2018 order is not an appealable order*

The City claims that the December 4, 2018 judgment is not appealable insofar as it restates the November 2018 order denying La Jolla Benefits's motion for reconsideration because the November 2018 order is not an appealable order.

---

[13] La Jolla Benefits's notice of appeal states that it is appealing from the *December 4, 2018* judgment. However, even if we were to construe the notice of appeal as attempting to effectuate an appeal from the *June 27, 2018* order / judgment, such an appeal would be untimely. As noted, the longest possible period within which to take an appeal under Rule 8.104(a)(1)(C) is 180 days. 180 days after June 27, 2018 was December 24, 2018. La Jolla Benefits filed its notice of appeal on January 4, 2019, more than 180 days after entry of the June 27, 2018 order / judgment.

a. *Governing law*

Code of Civil Procedure section 1008, subdivision (a)[14] permits a party to file a motion to reconsider an order.[15] Section 1008, subdivision (g) provides that an order denying a motion for reconsideration is not separately appealable:

> "(g) An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order."

The law is also clear that, after entering a final *judgment*, a trial court lacks jurisdiction to consider a motion for reconsideration. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 859 (*Aguilar*) ["After entry of judgment, the superior court did not have jurisdiction to entertain or decide a motion for reconsideration"]; see generally 6 Witkin, Cal. Procedure (5th ed. 2019) Proceedings Without Trial, § 51 ["After the entry of a judgment, or an order having the effect of a judgment because it finally determines

---

[14] Unless otherwise specified, all subsequent statutory references are to the Code of Civil Procedure.

[15] Section 1008, subdivision (a) provides:

> "(a) When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown."

the parties' rights, a motion for reconsideration or renewal as to matters included in the judgment or order is improper" (citing cases)].)

   b. *Application*

While the November 2018 order denying reconsideration would have been reviewable in a timely appeal from the *June 27, 2018* order / judgment, no such timely appeal was taken (see pt. III.B.1, *ante*). Further, section 1008, subdivision (g) makes clear that the November 2018 order denying La Jolla Benefits's motion for reconsideration is not separately appealable.

La Jolla Benefits's filing of the July 2018 motion for reconsideration did not extend the time to file its notice of appeal from the June 2018 order / judgment under California Rules of Court, rule 8.108(e) (Rule 8.108(e)).[16] Rule 8.108(e) provides:

> "(e) Motion to reconsider appealable order
>
> "If any party serves and files a valid motion to reconsider an appealable order under Code of Civil Procedure section 1008, subdivision (a), the time to appeal from that order is extended for all parties until the earliest of:
>
> "(1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order;
>
> "(2) 90 days after the first motion to reconsider is filed; or
>
> "(3) 180 days after entry of the appealable order."

---

[16]    In its opposition to the City's motion to dismiss, La Jolla Benefits argues "Appellant's appeal was timely filed under the normal time limitation under rule 8.104(a) or the time extended under rule 8.108(e)."

19

To begin with, Rule 8.108(e) requires the filing of a "*valid* motion to reconsider." (Italics added.) The filing of an *invalid* postjudgment motion for reconsideration does *not* extend the time in which to file a notice of appeal from the judgment. (See, e.g., *Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1236–1238.) In this case, the trial court lacked jurisdiction to rule on the July 2018 motion for reconsideration given its entry of the June 2018 order / judgment. (See *Aguilar*, *supra*, 25 Cal.4th at p. 859.) In other words, the trial court had no jurisdiction to rule on La Jolla Benefits's motion for reconsideration because its June 2018 ruling on the writ petition was itself a final judgment that disposed of all issues between the parties. Thus, La Jolla Benefits's motion for reconsideration was invalid, and Rule 8.108(e) had no possible application on the timeliness of La Jolla Benefits's appeal.

In any event, even if Rule 8.108(e) did apply, it would not make La Jolla Benefits's appeal timely. Under Rule 8.108(e), the filing of a valid motion for reconsideration of an appealable order can serve to extend the time to appeal from that order only "until the earliest" of three possible periods. In this case, the earliest possible date would have been 90 days after the motion for reconsideration was filed. Since La Jolla Benefits filed its motion for reconsideration on July 13, 2018, the 90-day period would have run in October 2018. Because that date would have provided for a shorter period than "180 days after entry of judgment" provided for under the normal time to appeal stated in Rule 8.104(a)(1)(C) (see pt. III.A, *ante*), Rule 8.108(e) could have no possible application in this case. (See Cal. Rules of Court, rule 8.108(a) ["This rule operates only to extend the time to appeal otherwise prescribed in rule 8.104(a); it does

20

not shorten the time to appeal. If the normal time to appeal stated in rule 8.104(a) is longer than the time provided in this rule, the time to appeal stated in rule 8.104(a) governs"].) Nor could the filing of the July 2018 motion for reconsideration have extended the time to file an appeal from the December 2018 judgment's restatement of the June 2018 ruling, since the December 2018 judgment is not itself appealable, for the reasons stated in part III.B.1, *ante*.

Accordingly, we do not have jurisdiction to review the trial court's denial of the July 2018 motion for reconsideration in an appeal from the December 4, 2018 judgment and La Jolla Benefits's filing of a motion for reconsideration did not extend the time for filing its notice of appeal from the June 2018 order / judgment or the December 2018 judgment.[17]

   3. *The December 4, 2018 judgment is not appealable insofar as it restates the November 2018 order denying La Jolla Benefits's motion for leave to amend because the November 2018 order is not an appealable order*

In its opening brief, La Jolla Benefits claims that the trial court erred in denying its motion for leave to amend. La Jolla Benefits maintains that the trial court erred in failing to permit it to amend the complaint to clarify La Jolla Benefits's standing to bring the action.[18]

---

[17]   Moreover, even if we were to liberally construe La Jolla Benefits's notice of appeal from the *December 4, 2018* judgment as an appeal of the *November 2018* order denying motion for reconsideration, we would still lack jurisdiction, since the November 2018 order is not itself appealable. (§ 1008, subd. (g) [stating that an order denying a motion for reconsideration is not appealable].)

[18]   Specifically, La Jolla Benefits argues:

The City claims that the December 4, 2018 judgment is not appealable insofar as it restates the November 2018 order denying La Jolla Benefits's motion for leave to amend its complaint because the November 2018 order is not an appealable order.[19]

"[T]he amendments sought are solely to clarify that at the time of the writ and complaint for declaratory relief filing, Lincoln Foster was a majority owner of A-440 . . . and was acting in his authorized capacity on behalf of A-440 when he signed as manager and member of [La Jolla Benefits] in this action."

[19] While this appeal was pending, the City filed a motion for judicial notice requesting that we take judicial notice of a series of public records that it claims are "relevant to the legal standing of the two [newly] proposed petitioners, Alison Zongker, L.P. and Boyadjian Seta Living Trust." We do not read La Jolla Benefits's brief as asserting that the trial court erred in denying its request to amend its petition for writ of mandate / complaint insofar as it sought to add new parties to the action. In any event, there is nothing in the record indicating that any of the entities that La Jolla Benefits sought to add as new petitioners in the trial court by way of its proposed amended petition for writ of mandate / complaint ever became parties to the case, either in the trial court or in this court. Thus, we have no occasion to consider the denial of the motion for leave to amend the complaint insofar as it pertains to these entities. (See *Hernandez v. Restoration Hardware, Inc.* (2018) 4 Cal.5th 260, 263 [stating that only aggrieved parties may appeal a judgment or appealable order].) To the extent that La Jolla Benefits's brief can be read to contend that the trial court erred in denying leave to amend the complaint to add new parties, La Jolla Benefits lacks appellate standing to raise such a claim since it was not aggrieved by that aspect of the order. (See *Serrano v. Stefan Merli Plastering Co., Inc.* (2008) 162 Cal.App.4th 1014, 1026 ["A party who has an interest recognized by law that is adversely affected by the judgment or order is an aggrieved party"].) In light of this conclusion, we deny this City's motion for judicial notice because the documents are "not relevant to disposition of this appeal." (*Unzueta v. Akopyan* (2019) 42 Cal.App.5th 199, 221, fn. 13 [noting that a reviewing court may deny a request for judicial notice where the documents for which notice is sought are not relevant to the dispositive issues on appeal].)

22

a. *Governing law*

i. *Substantive law pertaining to the amendment of pleadings and appellate review thereof*

While a trial court has broad discretion to permit the amendment of pleadings *prior to* the rendition of judgment, a trial court may not permit the amendment of a pleading rendered "*after* judgment is rendered" unless "the judgment is vacated as by granting a motion for new trial. . . ." (*Young v. Berry Equip. Rentals, Inc.* (1976) 55 Cal.App.3d 35, 38 (italics added) (*Young*); 5 Witkin, Cal. Procedure (5th ed. 2019) Pleading, § 1207 ["Once judgment has been rendered, amendment of a pleading is only possible if the judgment is first vacated" (citing cases)]; accord *Bank of America Nat'l Trust & Sav. Asso. v. Superior Court of Los Angeles County* (1942) 20 Cal.2d 697, 702 ["the trial court had complete power to allow amendments to the pleading, or to reconsider and change its ruling on demurrer, at any time *before* entry of judgment" (italics added)].)

An order on a motion for leave to amend a pleading is generally not appealable,[20] but may be reviewable in an appeal from the final judgment. (See, e.g., *Fogel v. Farmers Group, Inc.* (2008) 160 Cal.App.4th 1403, 1423, fn. 14; *Dominguez v. City of Alhambra* (1981) 118 Cal.App.3d 237, 241.)

---

[20] Although not relevant to this appeal, an order denying leave to amend a complaint is deemed appealable "where the order[ ] 'ha[s] the effect of eliminating issues between a plaintiff and defendant so that nothing is left to be determined . . . .' " (*Randle v. City and County of San Francisco* (1986) 186 Cal.App.3d 449, 454.)

## ii.  *Principles of law pertaining to review of postjudgment orders*

While section 904.1, subdivision (a)(2) provides that an appeal may be taken from an order entered after judgment,[21] the law is settled that "not every postjudgment order that follows a final appealable judgment is appealable."  (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 (*Lakin*).)  "To be appealable, a postjudgment order must satisfy two additional requirements."  (*Ibid.*)

"The first requirement . . . is that the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment."  (*Lakin*, *supra*, 6 Cal.4th at p. 651.)  " 'The reason for this general rule is that to allow the appeal from [an order raising the same issues as those raised by the judgment] would have the effect of allowing two appeals from the same ruling and might in some cases permit circumvention of the time limitations for appealing from the judgment.' "  (*Ibid.*)

"The second requirement . . . is that 'the order must either affect the judgment or relate to it by enforcing it or staying its execution.' "  (*Lakin*, *supra*, 6 Cal.4th at pp. 651–652.)  "The rule that an appealable postjudgment order must affect the judgment or relate to its enforcement has existed for more than a century."  (*Id.* at p. 652.)

---

[21]     Section 904.1, subdivision (a) provides in relevant part:

"(a) . . . An appeal . . . may be taken from any of the following:

"(1) From a judgment, . . . .

"(2) From an order made after a judgment made appealable by paragraph (1)."

b. *Application*

We must determine whether the trial court's November 2018 order denying La Jolla Benefits's motion for leave to amend the petition for writ of mandate / complaint is reviewable in an appeal from the December 4, 2018 judgment, where the motion did not seek to vacate the June 2018 order / judgment[22] and no timely appeal was taken from the June 2018 order / judgment.[23]

In its opposition to the City's motion to dismiss, La Jolla Benefits's sole argument in favor of the reviewability of the order denying leave to amend is its suggestion that such order was reviewable as a *prejudgment* order by way of its appeal from the December 4, 2018 judgment. Specifically, La Jolla Benefits reiterates its argument that the June 27, 2018 ruling "was not a final judgment," and contends that its "motion for leave to amend was *not* a post-judgment motion." (Formatting omitted.) We reject this argument because, for the reasons stated in part III.B.1, *ante*, the June 2018 ruling is a final judgment, and thus, the November 2018 order is a *postjudgment* order and the December 4, 2018 judgment is *not* an appealable final judgment.

We further conclude that La Jolla Benefits cannot obtain review in this appeal of the November 2018 order denying leave to amend because the order does not satisfy the *Lakin* prerequisites for the appealability of *postjudgment* orders. With regard to the first

---

[22]    While La Jolla Benefits brought an invalid motion for reconsideration of the June order / judgment, it did not move to vacate the judgment, as required under *Young*.

[23]    Neither party has cited any case law, nor has our own research revealed, any case law determining the reviewability of such an order in this context.

25

requirement, since vacatur of the judgment is a prerequisite to the granting of a postjudgment motion leave to amend (*Young*, *supra*, 55 Cal.App.3d at p. 38), reversal of the November 2018 order denying the postjudgment motion for leave to amend would necessarily *require* reversal of the June 2018 order / judgment. To permit an appeal from a postjudgment motion for leave to amend that failed to seek vacatur of the judgment where no timely appeal was taken from the underlying judgment would allow the " 'circumvention of the time limitations for appealing from the judgment.' " (*Lakin*, *supra*, 6 Cal.4th at p. 651.)

If we were to reverse the postjudgment order denying a motion to intervene *without* vacating the June 2018 order / judgment, such a result would not only violate the rule of law in *Young*, but in addition, the appeal would neither " 'affect the judgment [n]or relate to it by enforcing it or staying its execution,' " thereby violating the second of the *Lakin* requirements to make a postjudgment order appealable. (*Lakin*, *supra*, 6 Cal.4th at pp. 651–652.)

In short, we see no reason why a party should be able to take an appeal from a postjudgment order denying a motion for leave to amend a complaint where the vacatur of the judgment is a prerequisite to the party being permitted to file such an amendment, and the party failed either to seek such vacatur in the trial court or appeal from the underlying judgment in a timely manner. Accordingly, we conclude that the December 4, 2018 judgment is not appealable insofar as it restates the November 2018 order denying

La Jolla Benefits's motion for leave to amend because the November 2018 order is not an appealable order.[24]

## IV.

## DISPOSITION

The appeal is dismissed. La Jolla Benefits is to bear costs on appeal.

AARON, J.

WE CONCUR:

McCONNELL, P. J.

DATO, J.

---

[24] Further, even if we were to liberally construe La Jolla Benefits's notice of appeal from the *December 4, 2018* judgment as an appeal of the *November 2018* order denying its motion for leave to amend, we would still lack jurisdiction because, for the reasons stated in the text, the November 2018 order was not itself appealable.